## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DERRICK JACKSON, individually as** ) | |
| **Husband and Heir-at-Law and as CO-SPECIAL** ) | |
| **ADMINISTRATOR OF THE ESTATE OF** ) | |
| **KAREN JACKSON a/k/a KAREN DAY,** ) | |
| **deceased, et al.,** ) | **CIVIL ACTION** |
| ) | |
| **Plaintiffs,** ) | **No. 13-1376-KHV** |
| ) | |
| **v.** ) | |
| ) | |
| **CITY OF WICHITA, KANSAS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

## <u>MEMORANDUM AND ORDER</u>

Derrick Jackson, individually as husband and heir-at-law and as Co-Special Administrator of the Estate of Karen Jackson, a/k/a Karen Day, deceased, Tyra Williams, daughter and heir-at-law of Karen Jackson and co-special administrator of the estate of Karen Jackson, Ernest Day, son and heir-at-law of Karen Jackson, and Shanta Day, daughter and heir-at-law of Karen Jackson, bring suit against the City of Wichita, Kansas and Wichita police officers Elizabeth Martin and Bryan C. Knowles for the wrongful death of Karen Jackson. Specifically, under 42 U.S.C. § 1983, plaintiffs assert claims for excessive force and failure to train in violation of the 14th Amendment and unconstitutional policy in violation of the Fourth Amendment. <u>See</u> <u>Pretrial Order</u> (Doc. #136) filed June 1, 2016 at 10-12. Additionally, plaintiffs assert claims for wrongful death, negligence and battery under Kansas law. <u>See</u> <u>id.</u> at 13. This matter comes before the Court on plaintiffs' <u>Motion For Leave To File Under Seal And To File Exhibits Conventionally</u> ("<u>Motion For Leave</u>")

(Doc. #187) filed August 31, 2016.[1]  For reasons stated below, the Court sustains the motion in part.

**I.      Motion For Leave To File Exhibits Under Seal**

Plaintiffs seek leave to file under seal Exhibits U and X to <u>Plaintiffs' Response In Opposition To Defendants' Motion For Summary Judgment</u> ("<u>Plaintiffs' Response</u>") (Doc. #183) filed August 29, 2016.  <u>See</u> <u>Motion</u> <u>For Leave</u> (Doc. #187) at 1-2.  Exhibit U contains investigative notes by Detective Chisholm regarding the killing of Karen Jackson.  <u>See</u> <u>id.</u> at 2 and Exhibit 1 thereto.  Exhibit X contains the Wichita police department's personnel records for defendant Martin.  <u>See</u> <u>Motion</u> <u>For Leave</u> (Doc. #187) at 2 and Exhibit 1 thereto.  Plaintiffs ask for permission to file the documents under seal because defendants have designated them as "confidential information" pursuant to the parties' agreed <u>Protective Order</u> (Doc. #27) filed January 7, 2014.[2]  <u>See</u> <u>Motion</u> <u>For</u>

---

[1]      All plaintiffs except Derrick Jackson join in the motion.

[2]      The protective order defines "confidential information: as follows:

Definition of Confidential Information. As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use is restricted by statute or could potentially cause harm to the interests of disclosing party or nonparties.  For purposes of this Order, the parties will limit their designation of "Confidential Information" to the following categories of information or documents:

(1) Personnel records of defendants Knowles and Martin; personnel records of any other employees of defendant City;

(2) Internal Affairs records of the City of Wichita and any of its employees;

(3) Criminal history information; and

(4) Criminal investigation and investigations of any other law enforcement involved in shootings.

(continued...)

<u>Leave</u> (Doc. #187) at 1.

Federal courts have long recognized a common-law right of access to judicial records. <u>Helm v. Kansas</u>, 656 F.3d 1277, 1292 (10th Cir. 2011); <u>Mann v. Boatright</u>, 477 F.3d 1140, 1149 (10th Cir. 2007).  This right derives from the public's interest in understanding disputes that are presented to a public forum for resolution and is intended to ensure that courts are fair and judges are honest. <u>Crystal Grower's Corp. v. Dobbins</u>, 616 F.2d 458, 461 (10th Cir. 1980); <u>Worford v. City of Topeka</u>, No. 03-2450-JWL-DJW, 2004 WL 316073, at *1 (D. Kan. Feb. 17, 2004).  The public's right of access, however, is not absolute.  <u>Helm</u>, 656 F.3d at 1292.  The Court therefore has discretion to seal documents if competing interests outweigh the public's right of access.  <u>Id.</u>; <u>United States v. Hickey</u>, 767 F.2d 705, 708 (10th Cir. 1985).  In exercising its discretion, the Court weighs the public's interests, which it presumes are paramount, against those advanced by the parties. <u>Helm</u>, 656 F.3d at 1292; <u>Dobbins</u>, 616 F.2d at 461. The party seeking to overcome the presumption of public access to the documents bears the burden of showing that some significant interest outweighs the presumption.  <u>Helm</u>, 656 F.3d at 1292; <u>Mann</u>, 477 F.3d at 1149.  The Court should seal documents based only on articulable facts known to the Court, and not based on unsupported hypothesis or conjecture.  <u>Worford</u>, 2004 WL 316073, at *1 (citing <u>Stapp v. Overnite Transp. Co.</u>, No. 96-2320-GTV, 1998 WL 229538, at *1 (D. Kan. April 10, 1998)).

Here, plaintiffs seek to file exhibits under seal because defendants have designated the documents as "confidential" under the parties' agreed protective order.  Plaintiffs do not explain why

---

[2](...continued)
Information or documents that are available to the public may not be designated as Confidential Information.

<u>Protective Order</u> (Doc. #27) at 2-3.

disclosure of the information might be harmful to the parties.  On this record, plaintiffs have not

come close to meeting the heavy burden to articulate a real and substantial interest which justifies

depriving the public access to records which inform the Court's decision-making process.[3]  See

Helm, 656 F.3d at 1292.  The Court therefore overrules plaintiffs' request to file the documents

under seal.  On or before **November 18, 2016**, plaintiffs may file Exhibits U and X not under seal.

## II.    Motion For Leave To Conventionally File Exhibits

Plaintiffs seek leave to conventionally file Exhibits A, B, K and T to Plaintiffs' Response

(Doc. #183).  See Motion For Leave (Doc. #187) at 1-3.  Pursuant to D. Kan. Rule 5.4.1, "[a]ll

petitions, motions, memoranda of law, or other pleadings and documents filed in a case assigned to

the Electronic Filing System must be filed electronically unless: (1) otherwise permitted in these

rules; or (2) otherwise permitted in the administrative procedures guide; (3) unless otherwise

---

[3]     Also, plaintiffs have not shown that redaction would not sufficiently protect any information which is legitimately confidential.  Pursuant to the District of Kansas Administrative Procedure for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means, plaintiffs may redact personal data as follows:

> In accordance with Fed. R. Civ. P. 5.2 and to address the privacy concerns created by Internet access to court documents, litigants shall modify or partially redact the following personal data identifiers appearing in documents filed with the court:
> 1. Social Security numbers: Use only the last four numbers; and
> 2. Minors' names: Use the minors' initials;
> 3. Dates of birth: Use only the year; and
> 4. Financial account numbers: Identify the name or type of account and the financial institution where maintained, but use only the last four numbers of the account number.
>
> In addition, parties may modify or partially redact other confidential information as permitted by the court (e.g., driver's license numbers, medical records, employment history, individual financial information, and proprietary or trade secret information).
> * * *

District of Kansas Administrative Procedure for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases, § II., I (August 24, 2015).

-4-

authorized by the court." D. Kan. Rule 5.4.1. Under the Court's administrative procedures, a party may seek leave to conventionally file exhibits "that are not available in electronic form or that are too lengthy to scan." District Of Kansas Administrative Procedure For Filing, Signing, And Verifying Pleadings And Papers By Electronic Means In Civil Cases ("Administrative Procedures For Electronic Filing"), § IV., C (August 24, 2015).

Exhibits A, B and T contain audio files. Specifically, Exhibit A contains "Audio Radio Traffic Bates 3738 (Thumb Drive);" Exhibit B contains "Audio 911 Dispatch Call – Derrick Jackson to 911 – Bates #3737 (Thumb Drive);" and Exhibit T contains "Karen Tape Recording Bates 3699." Id. at 3. Plaintiffs assert that although the audio exists in native digital form, the materials are not amenable to upload and file in the Court's electronic filing system ("CM/ECF"). See id. at 2. Because audio files cannot be filed in CM/ECF, the Court sustains plaintiffs' motion as to Exhibits A, B and T. On or before **November 18, 2016**, plaintiffs may conventionally file Exhibits A, B and T.

Exhibit K contains "Measurements of House." Id. at 3. Plaintiffs assert that Exhibit K exists in native digital form but is not amenable to upload or to scan and file in ECF. See id. at 2. Plaintiffs assert that counsel attempted to file the exhibit electronically but the file remained too large for electronic filing after resizing. See id. Plaintiffs do not state the size of the digital file. Without such information, the Court cannot determine whether to allow plaintiffs leave to file the exhibit conventionally. On or before **November 18, 2016**, plaintiffs shall consult with Clerk's Office staff to determine whether they can file Exhibit K electronically.[4] On or before **November 21, 2016**, plaintiffs may either file Exhibit K electronically or file a new motion for leave to file it

---

[4]     The Court directs counsel to Administrative Procedures For Electronic Filing, § IV., B, which addresses requirements for filing voluminous exhibits.

conventionally which explains in detail why counsel cannot file the document in CM/ECF.

**IT IS THEREFORE ORDERED** that plaintiffs' <u>Motion For Leave To File Under Seal And To File Exhibits Conventionally</u> (Doc. #187) filed August 31, 2016 be and hereby is **SUSTAINED in part.**

On or before **November 18, 2016**, plaintiffs may file Exhibits U and X not under seal.

On or before **November 18, 2016**, plaintiffs may conventionally file Exhibits A, B and T.

On or before **November 18, 2016**, plaintiffs shall consult with Clerk's Office staff to determine whether they can file Exhibit K electronically.[5]  On or before **November 21, 2016**, plaintiffs may either file Exhibit K electronically or file a new motion for leave to file it conventionally which explains in detail why counsel cannot file the document in CM/ECF.

Dated this 16th day of November, 2016 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge

---

[5]     The Court further directs counsel to District of Kansas Administrative Procedure for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases, § IV., B, which addresses requirements for filing voluminous exhibits.